[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 10-10715 and 10-12901
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2011
JOHN LEY
CLERK

D. C. Docket No. 8:09-cv-02309-SDM-TBM

FEDERAL TRADE COMMISSION,

                                        Plaintiff-Appellee,

                    versus

RICHARD A. BISHOP,
individually and as a member
of Optimum Business Solutions, LLC,

                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 25, 2011)

Before DUBINA, Chief Judge, HILL, Circuit Judge, and GOLDBERG,* Judge.

GOLDBERG, Judge:

_____

*Honorable Richard W. Goldberg, United States Court of International Trade Judge,
sitting by designation.

# I. DISCUSSION

## A. Preliminary Injunction

This court reviews the granting of a preliminary injunction for abuse of discretion. *Commodity Futures Trading Comm'n v. Wilshire Inv. Mgmt. Corp.*, 531 F.3d 1339, 1343 (11th Cir. 2008). Section 13(b) of the Federal Trade Commission Act ("FTCA") allows courts to grant injunctions against defendants in an action brought by the Federal Trade Commission ("FTC") provided there is a "proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, [granting the injunction] would be in the public interest . . . ." 15 U.S.C. § 53(b) (2009).

The district court did not abuse its discretion by adopting the Magistrate Judge's findings and concluding that the FTC had demonstrated a "substantial likelihood of success on the merits" and that the equities involved support the preliminary injunction. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). The district court order granting the preliminary injunction is affirmed.

## B. Scope of Asset Freeze

This court reviews an asset freeze for abuse of discretion. *Commodity Futures Trading Comm'n v. Levy*, 541 F.3d 1102, 1110 (11th Cir. 2008). Bishop

claims the district court abused its discretion by granting a preliminary injunction that froze all of his assets,[1] other than an allowance for personal expenses, inconsistent with principles of equity.

The FTCA's grant of authority to issue an injunction carries the full range of equitable remedies, among which is the power to grant restitution.[2] *Wilshire*, 531 F.3d at 1344 (quoting *Fed. Trade Comm'n v. Gem Merch. Corp.*, 87 F.3d 466, 468-69 (11th Cir. 1996)). Restitution is an equitable remedy designed to cure unjust enrichment of the defendant. *Id.* at 1345 (citation omitted). Specifically, restitution and disgorgement deprive the defendant of his ill-gotten gains; these equitable remedies do not take into consideration the plaintiff's losses. *Id.* (citation omitted). The "burden for showing the amount of assets subject to disgorgement (and, therefore available for freeze) is light: 'a reasonable approximation of a defendant's ill-gotten gains [is required] . . . Exactitude is not a requirement.'" *Sec. & Exch. Comm'n v. ETS Payphones, Inc.*, 408 F.3d 727, 735 (11th Cir. 2005) (quoting *Sec. & Exch. Comm'n v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004)).

---

[1] All of the defendant's assets that existed on November 13, 2009 were frozen, including assets obtained prior to the activities alleged and assets held jointly with his wife, but excluding $9,500 per month for living expenses.

[2] Here, the FTC seeks equitable relief, as evident from the FTC's own complaint. (R. 1 at 13–15, ¶ 45 & Prayer for Relief).

The district court abused its discretion by imposing too broad of an asset freeze without making any reasonable approximation of Defendant-Appellant's ill-gotten gains. Therefore, we remand this case to the district court to determine whether the asset freeze corresponds with a reasonable approximation of Bishop's unjust enrichment, in accordance with equitable principles.

## C. Modification of Asset Freeze

Defendant-Appellant's appeal from the denial of his motion to modify the terms of the preliminary injunction is moot in light of our decision to vacate and remand the asset freeze.

## II. CONCLUSION

The granting of the preliminary injunction is affirmed, the asset freeze is vacated and remanded, and the appeal of the denial of the motion to modify the preliminary injunction is dismissed as moot.

**AFFIRMED in part, VACATED and REMANDED in part, and DISMISSED in part.**